SANDWICH MANUF'G CO. *v.* WRIGHT and others.

*(Circuit Court, N. D. Iowa, W. D.    October Term, 1884.)*

1. FRAUDULENT CONVEYANCE—RIGHT OF ASSIGNEE TO SET ASIDE—COMMON-LAW DOCTRINE.

    At common law the right of a creditor to attack and set aside a conveyance made by his debtor, on the ground of fraud, did not pass to an assignee or trustee appointed by the debtor.

2. SAME—STATUTE OF IOWA.

    This right is not conferred on the assignee by the Iowa statute regulating assignments for the benefit of creditors. *Rumsey v. Town*, 20 FED. REP. 558, followed.

3. SAME—MORTGAGE—FORECLOSURE.

    An assignee for the benefit of creditors, in Iowa, may defeat the enforcement of a mortgage against realty, the title to which is in him, by showing that the mortgage executed by the assignor is a mere sham, and in fraud of his creditors.

Bill for Foreclosure of Mortgage.

*Cole, McVey & Clark*, for complainant.

*Zane & Hellsall* and *Joy, Wright & Hudson*, for defendants.

SHIRAS, J. In this cause complainant files its bill for the foreclosure of a mortgage executed by John Wright and wife under date of November 2, 1883, upon the south half of block No. 7, in the town of Odebolt, Sac county, Iowa, and given to secure payment of the sum of $2,800, payable on the fifteenth day of January, 1884, as evidenced by a promissory note for that sum, payable to the order of Nelson Wright. Complainant avers that the note and mortgage were indorsed and transferred to it for a valuable consideration by Nelson Wright, and that the sum secured thereby has not been paid. To this bill John Wright and wife, Philip Schaller, and others are made parties defendant. Schaller files an answer in which he avers that on the fifth day of November, 1883, John Wright executed a general deed of assignment of all his property, for the benefit of creditors, to Nelson Wright, who refused to accept the trust created by the deed, and thereupon said Schaller was appointed assignee by the district court of Sac county under the provisions of the statute of Iowa; that when said John Wright executed the mortgage to Nelson Wright he was then contemplating making an assignment; and that the note and mortgage given to Nelson Wright were without consideration, and were given to cover up his property, and to defraud his creditors, and for that sole purpose; and that in furtherance of such fraudulent purpose they were afterwards transferred to complainant, and prays that the same be declared to be fraudulent and void. To this answer complainant excepts, on the ground that Schaller cannot, as assignee, for the benefit of creditors, question the conveyance made by his assignor; that as assignee he stands in the shoes of the assignor, and cannot be heard to say that the mortgage is fraudulent.

At common law the right of a creditor to attack and set aside a conveyance made by his debtor on the ground of fraud, does not pass to an assignee or trustee appointed by the debtor. In some states this right is by statute conferred upon the assignees. Whether the Iowa statute, regulating assignments for the benefit of creditors, conferred this right upon the assignee was considered and decided in the case of *Rumsey* v. *Town*, 20 FED. REP. 558, and I see no reason to change the views therein expressed. The case at bar, however, does not present the simple question of the right of an assignee to recover property fraudulently conveyed away by his assignor. In this case the title to the realty covered by the mortgage passed by the deed of assignment to the assignee. Complainant now seeks to procure a decree for the sale of the realty, and to that end makes the assignee

a party defendant. If the allegations of this answer are true, complainant is seeking the aid of a court of equity to consummate a fraud, and to deprive the creditors of the mortgagor of the benefit of property which should justly be applied to the payment of the debts due those creditors. The question is not whether the court will aid the fraudulent grantor or his assignee in recovering back property conveyed away for the purpose of defrauding creditors, but whether it will aid the fraudulent grantor in his efforts to secure the fruits of the fraudulent transaction to the injury of the innocent creditors.

The usual rule, as between parties to a fraud, is that courts will not aid either party. Under this rule, should not a court of equity, in a case brought by the fraudulent mortgagee directly against the mortgagor, to foreclose a mortgage given without consideration, as a mere cloak to protect the property against creditors, refuse its aid, as a decree of foreclosure and sale under it would only consummate the fraud, and enable the guilty parties to effectually defeat the rights of creditors? The general rule is, that he who has voluntarily aided in the perpetration of a fraud by another shall not be permitted to obtain a profit thereby against those who have been thus defrauded.

In the case at bar, as already stated, the title to the realty included in the mortgage, passed by virtue of the deed of assignment to the assignee, who holds the same in trust for the benefit of creditors. It is the duty of the assignee, in the performance of his trust, to defend this property against all unjust, adverse claims. He takes the property not as a purchaser, but subject to all rights and equities subsisting against it in favor of third parties, and in that sense he is said to succeed only to the rights of his assignor. If the mortgage in question was in fact given to secure an actual indebtedness, so that, as between the mortgagee and mortgagor, it is valid and binding, then the assignee could not defend against it, on the ground that it was for any reason invalid against creditors. The right of creditors to attack a mortgage as fraudulent, growing out of equities existing in their behalf, does not pass to the assignee, in the absence of statutory provisions to that effect, and none such are found in the statutes of Iowa. In the present case, the right of the assignee to defend against a foreclosure of the mortgage is not based upon a transfer of the rights and equities of the creditors, but upon the fact that the title of the property has been vested in him in trust for the creditors, and that, having accepted the trust, he is charged with the duty of protecting the property against all fraudulent claims.

As is said by the supreme court in *Clements* v. *Moore,* 6 Wall. 299.

"The cardinal principal in all such cases is that the property of the debtor shall not be diverted from the payment of his debts, to the injury of his creditors, by means of fraud."

Should it be held, in the present case, that the assignee cannot defeat the enforcement of the mortgage against the realty, the title of

which is in the assignee, by showing that the mortgage is a mere sham, given without consideration, and in fraud of creditors, then, indeed, the property would be most effectually diverted from the payment of the just debts due creditors, and the court would be enabling the wrong-doer to reap the benefit of his fraud. Reasoning which leads to such a result must be essentially wrong, involving the misapplication of principles intended to defeat fraud in such a way as to make them the means of accomplishing that which it is their very purpose to defeat.

The demurrer to the cross-bill is therefore overruled.